

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| TH:JPM/DEL/MG/AR<br>F. #2020R00637 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

August 12, 2022

<u>By ECF</u>

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Alimena, <u>et</u> <u>al</u>.
       Criminal Docket No. 21-466 (S-1) (DG)

Dear Judge Gujarati:

    The government respectfully submits this letter to provide the Court with an update in advance of the status conference scheduled for August 15, 2022. Since the last status conference, the government has continued to produce Rule 16 discovery and to engage in plea negotiations with multiple defendants. With respect to a potential motion schedule and trial schedule, the government sets forth a proposed scheduling framework for the Court's consideration.

  I.  <u>Discovery of Electronic Devices</u>

    As the government indicated in its July 20, 2022 letter, the government has produced responsive portions of electronic devices to all defendants with two exceptions.[1]

    During the review of the devices, law enforcement agents identified that two iPhones (items 1B15 and 1B54) contained communications that appeared to involve an email account for an attorney (not any counsel in this matter). Out of an abundance of caution, the government has put in place a filter review team to review communications extracted from 1B15 and portions of 1B54 (emails). As of today, the filter team is still reviewing the

---

[1] In addition to the previously described electronic devices, the government also provided additional electronic evidence, records of Bureau of Prison calls, and third-party records relevant to the charged offenses.

records.  The filter team will further handle producing any privileged or withheld materials to defense counsel, among other matters.

II.     Motion Schedule and Trial

The government proposes the following motion schedule for any defense motions to dismiss or suppress evidence, pursuant to Rule 12(b)(3)(A), (B), (C) and (D) of the Federal Rules of Criminal Procedure:

| | |
|---|---|
| Defense Motions: | October 17, 2022 (~60 days) |
| Government Response: | November 18, 2022 (~30 days) |
| Defense Replies (if any): | December 5, 2022 (~15 days) |

The government has conferred with counsel for the defendants regarding this proposed briefing schedule.  Counsel for some of the defendants have consented to the proposed schedule, and counsel for eight of the fourteen defendants have indicated that they will require 90 days in order to file initial pretrial motions.  The government offers the schedule above for the Court's consideration, with an eye towards balancing the interest in moving the case forward expeditiously with the need to ensure adequate time for the defendants for motion practice, argument, and rulings by the Court, but notes the request by some counsel for the additional filing time.

With respect to scheduling a trial date, the government is in active and ongoing plea discussions with multiple defendants in this case and expects that the case against several defendants will resolve short of trial.  However, to the extent the Court wishes to set more than one trial date in this matter, the government proposes that the defendants be grouped together as follows:

- **Group 1**: Albert Alimena, Joseph Bellantoni, Benjamin Castellazzo, Ralph DiMatteo, Richard Ferrara, Theodore Persico, Erin Thompkins, Vincent Ricciardo, Michael Uvino.[2]

- **Group 2**: Thomas Costa, John Glover, Vincent Martino, John Ragano, and Domenick Ricciardo.

Group 1 consists principally of defendants charged in connection with a scheme to control and obtain money from a Queens-based labor union and its employee welfare plan.  Group 2, with the exception of Domenick Ricciardo, consists of those accused of schemes not involving the labor union, but involving other criminal activities, including fraud involving

---

[2]     Although Group 1 consists of nine defendants, in the government's view, it would be premature at this time to split this group further given the likelihood that the case as to some or many defendants will be resolved short of trial.

the provision of Occupational Safety and Health Administration certifications, a conspiracy to traffic marijuana, and the extortionate collection of credit. Given the charges faced by each defendant and the various criminal schemes alleges in the Indictment, dividing the defendants into these trial groups will allow for a streamlined and efficient presentation of the government's evidence.

The government will be prepared to address these issues in greater detail at Monday's status conference.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
James P. McDonald
Devon Lash
Michael W. Gibaldi
Andrew D. Reich
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (DG) (by ECF)
      Defense Counsel (by ECF)